UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD KURTZEBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02CV1190 CDP |
| ) | |
| ALLIED GEAR AND MACHINE ) | |
| CO., INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Richard Kurtzeborn has filed a motion under Federal Rule of Civil Procedure 60(b) to set aside my March 1, 2004 Judgment granting summary judgment in favor of defendants. That Judgment was affirmed by the Eighth Circuit Court of Appeals on January 18, 2005. Kurtzeborn now claims that he is entitled to set aside the Judgment because he believes his attorney did not secure the affidavits and depositions necessary to defeat summary judgment after being paid $17,000 to do so.[1] Kurtzeborn claims that his attorney lied to him and committed fraud. Kurtzeborn's motion will be denied.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Robinson v.

---

[1] Kurtzeborn's attorney did file an opposition to summary judgment, which included both affidavits and deposition testimony.

Armontrout, 8 F.3d 6, 7 (8th Cir. 1993) (internal citations and quotation marks omitted). A Rule 60(b) motion may be based upon any "reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6).[2] In the Eighth Circuit, "ignorance or carelessness of an attorney is generally not cognizable under Fed. R. Civ. P. 60(b)." Id. (quoting Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975)). For this reason, Kurtzeborn's Rule 60(b) motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside the Judgment under Rule 60 of the Federal Rules of Civil Procedure [#58] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2007.

---

[2] Fraud is also a basis for setting aside a judgment under Rule 60(b), but as defendant District 9 correctly notes, the motion must be based on fraud committed by an adverse party. Fed. R. Civ. P. 60(b)(3). Here, Kurtzeborn is claiming that his lawyer committed fraud, not defendants, so subsection 3 of Rule 60(b) does not apply. If it did apply, however, Kurtzeborn's motion would be denied as untimely. See Fed. R. Civ. P. 60(b) (requiring a motion based upon fraud to be made within a reasonable time, and not more than one year after the judgment was entered).